FILED

1  WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
   CHARLES J. HARDER (State Bar No. 184593)
2     charder@wrslawyers.com
   JOSHUA A. SHAPIRO (State Bar No. 229741)
3     jshapiro@wrslawyers.com
   11400 West Olympic Boulevard, 9th Floor
4  Los Angeles, California 90064-1582
   Telephone:  (310) 478-4100
5  Facsimile:  (310) 479-1422

2012 OCT 18  PM 2:43

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

6  Attorneys for Plaintiff
   BRANDO ENTERPRISES, L.P.
7

8             UNITED STATES DISTRICT COURT
9             CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDO ENTERPRISES, L.P., a Delaware limited partnership, | Case No. **CV12-8994-GAF CVBK** |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| vs. | 1. **MISAPPROPRIATION OF RIGHT OF PUBLICITY (CALIFORNIA CIVIL CODE § 3344.1);** |
| MADONNA LOUISE CICCONE (p/k/a "Madonna"), an individual; BHAKTI TOURING, INC., a Nevada corporation; and DOES 1-10, inclusive, | 2. **FEDERAL TRADEMARK INFRINGEMENT / TRADE DRESS INFRINGEMENT / FALSE ASSOCIATION (15 U.S.C. § 1125(a)); and** |
| Defendants. | 3. **FEDERAL TRADEMARK INFRINGEMENT - DILUTION (15 U.S.C. § 1125(c))** |
| | **_DEMAND FOR JURY TRIAL_** |

Plaintiff BRANDO ENTERPRISES, L.P. hereby alleges as follows:

## SUMMARY OF THE ACTION

1.  Plaintiff Brando Enterprises, L.P. ("Brando Enterprises" or "Plaintiff") owns all of the intellectual property rights, including all trademarks, privacy rights and publicity rights, of and associated with the legendary late actor Marlon Brando, whose name and identity have tremendous commercial value. In recent years,

-1-
COMPLAINT

Plaintiff has entered into licensing agreements with leading international brands and companies for the use of Marlon Brando's name, image and/or trademark, for which Plaintiff has received licensing revenues.

2.  Defendants Madonna Louise Ciccone (professionally known as "Madonna") (herein, "Madonna") and Bhakti Touring, Inc. ("Bhakti Touring") (collectively, "Defendants") have used, and are continuing to use the likeness and image of Marlon Brando as set dressing during Madonna's 2012-2013 worldwide concert tour (the "Tour"), and are also using, or intend to use, Mr. Brando's likeness and image in recorded versions of the Tour for promotional purposes as well as in DVD and other media formats for distribution and sale.

3.  Defendants did not obtain Plaintiff's permission to use Mr. Brando's likeness, image, identity, persona, publicity rights, privacy rights, trademarks and trade dress in the Tour, or in any recorded versions of the Tour, whether for distribution, sale or promotional purposes. In fact, Plaintiff's representative, Brand Sense Partners, LLC ("Brand Sense"), expressly ***refused*** to grant such rights to the Defendants when Defendants' licensing agent, CMG Worldwide, requested a license for rights. Plaintiff therefore seeks monetary damages, statutory damages, punitive damages, treble damages, attorneys' fees and costs, and a preliminary and permanent injunction to stop all future uses of Mr. Brando's name, image, identity, publicity rights, privacy rights, trademark rights, and other related rights by the Defendants.

### THE PARTIES

4.  Plaintiff Brando Enterprises, L.P. is a Delaware limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business located in the County of Los Angeles, State of California.

5.  Plaintiff is informed and believes and based thereon alleges that defendant Madonna is, and at all times relevant hereto was, an individual who resides in Los Angeles, California and in New York, New York.

6.      Plaintiff is informed and believes and based thereon alleges that defendant Bhakti Touring is, and at all times relevant hereto was, a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located in the County of Los Angeles, State of California. Plaintiff is informed and believes that Bhakti Touring manages Madonna's tours and concert performances.

7.      Plaintiff is informed and believes and based thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 10, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously-named Defendants, whether individual, corporate, or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to a named Defendant herein shall also refer to Does 1 through 10. All defendants, including both the named defendants and those referred to herein as Does 1 through 10, are sometimes collectively referred to herein as "Defendants."

8.      Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were and are the agents, licensees, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them are, and at all times herein mentioned were, acting within the course and scope of that agency, license, partnership, employment, conspiracy, ownership, or joint venture. Plaintiff further is informed and believes and based thereon alleges that the acts and conduct herein alleged of each of the Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1138(a), and 15 U.S.C. § 1125(a), because it arises as a result of allegations of violations of the U.S. Lanham Act.

10. This Court has personal jurisdiction over Madonna because she is a resident of Los Angeles, California. This Court has personal jurisdiction over Bhakti Touring because its principal place of business is located in the State of California. Moreover, both Madonna and Bhakti Touring solicit, transact, and do business within the State of California, and through the conduct alleged herein, have caused injury to Plaintiff in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Madonna and Bhakti Touring.

11. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because both Madonna and Bhakti Touring reside in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)-(d) because Bhakti Touring is subject to the Court's personal jurisdiction with respect to this civil action and thus is deemed to reside in this district.

## THE MARLON BRANDO INTELLECTUAL PROPERTY RIGHTS

12. On July 1, 2004, Marlon Brando died in Los Angeles, California.

13. Mr. Brando was a permanent resident of the State of California at the time of his death.

14. Upon his death, all of Mr. Brando's intellectual property rights, including his rights of privacy, rights of publicity, and existing trademarks (collectively, the "Brando IP Assets"), were transferred to Mr. Brando's estate. The estate added to the existing Brando IP Assets by obtaining certain U.S. Trademark registrations, described herein.

15. On October 3, 2005, the Los Angeles Superior Court ordered the transfer of all of the Brando IP Assets, including all trademarks, privacy rights and publicity rights, to the Brando Trust.

16. Effective as of January 1, 2009, all of the Brando IP Assets were transferred to plaintiff Brando Enterprises, which presently owns and controls the Brando IP Assets.

17. Among other Brando IP Assets, at all times relevant hereto Plaintiff has owned the following trademark registrations filed with the United States Patent and Trademark Office ("USPTO"):

    a. U.S. Trademark Registration No. 3,930,041 for MARLON BRANDO for a wide variety of products and services;

    b. U.S. Trademark Registration No. 3,939,084 for THE BRANDO for a wide variety of products and services; and

    c. U.S. Trademark Serial No. 77/714608 for THE BRANDO for hotel, resort, restaurant, and spa services.

18. The name, image, identity, and persona of Marlon Brando are instantly recognized by the public and have substantial commercial value.

19. Plaintiff exercises careful consideration before permitting the commercial use of the Brando IP Assets to ensure that they are associated with high quality products, entertainment, services, and/or companies, and to ensure that the value of the Brando IP Assets are not diminished, either by association with products, entertainment, services, and/or companies that Plaintiff does not desire to support, and/or by over-saturation of the Brando IP Assets.

20. Plaintiff generally does not allow the Brando IP Assets to be used for commercial purposes, unless the compensation paid for such use is both commensurate with the value of the exploitation of the particular Brando IP Assets used, and sufficient to compensate Plaintiff for any potential diminution in value thereof from their exploitation.

21. The Brando IP Assets are highly valuable. Marlon Brando is regarded as one of the greatest actors of all time by film critics, motion picture trade associations, major media organizations, and the public. Marlon Brando won

numerous acting awards throughout his long and successful acting career including, among many others, two Academy Awards for Best Actor in a Leading Role in 1955 for his portrayal of "Terry Malloy" in *On the Waterfront*, and in 1973 for his portrayal of "Don Vito Corleone" in *The Godfather*. The following is a list of films starring Marlon Brando during his 50 year career:

| | |
|---|---|
| The Score (2001) | Apocalypse Now (1979) |
| Free Money (1998) | The Countess From Hong Kong (1967) |
| The Brave (1997) | The Appaloosa (1966) |
| The Island of Dr. Moreau (1996) | The Chase (1966) |
| Don Juan DeMarco (1994) | Morituri (1965) |
| Christopher Columbus: The Discovery (1992) | Bedtime Story (1964) |
| The Freshman (1990) | The Ugly American (1963) |
| A Dry White Season (1989) | Mutiny on the Bounty (1962) |
| The Formula (1980) | One-Eyed Jacks (1961) |
| Apocalypse Now (1979) | The Fugitive Kind (1960) |
| Superman (1978) | The Young Lions (1958) |
| The Missouri Breaks (1976) | Sayonara (1957) |
| Last Tango in Paris (1972) | The Teahouse of the August Moon (1956) |
| The Godfather (1972) | Guys and Dolls (1955) |
| The Nightcomers (1971) | Desirée (1954) |
| Burn! (1969) | On the Waterfront (1954) |
| The Night of the Following Day (1968) | The Wild One (1953) |

| | |
|---|---|
| Good Grief It's Candy (1968) | Julius Caesar (1953) |
| Reflections in a Golden Eye (1967) | Viva Zapata! (1952) |
| Woman Times Seven (1967) | A Streetcar Named Desire (1951) |

22.  Among many other honors and awards, Marlon Brando received a Star on the "Hollywood Walk of Fame" located at 1777 Vine Street in Hollywood, California. Mr. Brando also was awarded the Golden Globe Award for World Film Favorite, Male, for 1955, 1972 and 1973, respectively.

23.  The American Film Institute ("AFI") periodically surveys more than 1,500 leaders throughout the film industry to determine their collective opinion regarding the greatest acting legends of all time, and also the greatest motion pictures of all time. According to the AFI's latest survey, Marlon Brando ranks fourth (4th) on the list of the All-Time Greatest Male Acting Legends. Moreover, four of the films in which Mr. Brando starred rank within AFI's Top 100 of all-time greatest motion pictures: *The Godfather* (#2), *On the Waterfront* (#19), *Apocalypse Now* (#30) and *A Streetcar Named Desire* (#47). Quotes from three of Mr. Brando's films are ranked within AFI's Top 100 Movie Quotes of all time, including:

| **Rank** | **Film** | **Quote** |
|---|---|---|
| #2 | *The Godfather* | "I'm going to make him an offer he can't refuse." |
| #3 | *On The Waterfront* | "You don't understand! I coulda had class. I coulda been a contender. I could've been somebody, instead of a bum, which is what I am." |
| #45 | *Streetcar Named Desire* | "Stella! Hey, Stella!" |

24. On June 14, 1999, *Time* magazine listed Marlon Brando as one of the "Time 100 Persons of the Century."

25. Marlon Brando and the successors of the Brando IP Assets, including Brando Enterprises, have, on limited occasions, agreed to license certain Brando IP Assets (i) for commercial purposes after careful evaluation of the product or service that would be advertised; (ii) when the monetary compensation and other benefits were sufficient for the rights being exploited; and/or (iii) when the use fit within an overall publicity strategy for the commercialization of Marlon Brando's name, image, identity, persona, and legacy.

26. In recent years, Plaintiff has entered into licensing agreements with leading international brands and companies for the use of Marlon Brando's name, image and/or trademark, for which Plaintiff has received licensing revenues.

### DEFENDANTS' WRONGFUL CONDUCT

27. Madonna is an internationally-recognized musician. One of Madonna's most popular and well-known songs, "Vogue", makes specific mention of several iconic motion picture celebrities, including "Marlon Brando." When Madonna performed the song "Vogue" during her live Super Bowl halftime show on February 5, 2012, she used the image of Mr. Brando as set dressing. Rights were properly obtained from Brando Enterprises to license use of Mr. Brando's image during that *one*, single-use performance.

28. In or around early February 2012, Plaintiff entered into a fully-executed, single-use license agreement to permit Defendants to use Mr. Brando's image for no more than five (5) seconds during Madonna's Super Bowl performance, for a fee of $3,750. That license expired on February 6, 2012.

29. In or around May 2012, Defendants, through their licensing agent, CMG Worldwide, Inc. ("CMG"), contacted Plaintiff's licensing agent, Brand Sense, seeking to use the same image of Mr. Brando as part of Madonna's worldwide Tour. Defendants requested permission to use Mr. Brando's image (1) as set dressing

during the Tour performances, (2) in DVD and other recorded media for sale and distribution, and (3) in promotional materials. On information and belief, Madonna's Tour was to last approximately seven months (from late May through December 2012), visit numerous countries throughout four continents, and include nearly ninety (90) concerts.

30. CMG initially offered to pay Plaintiff a total of $3,750 (the same amount that it paid for the single Super Bowl performance) to use Mr. Brando's image throughout the entire worldwide tour and as described above. CMG later increased that offer to $5,000.

31. Discussions between CMG and Brand Sense lasted approximately two weeks, and on or about June 1, 2012, Brand Sense confirmed in writing to CMG that Plaintiff had refused Defendants' proposal because, among other things, the compensation offered was not commensurate with the extensive use of Mr. Brando's image contemplated by Defendants.

32. On or about June 22, 2012, CMG reiterated that it still wished to use Mr. Brando's image, as previously discussed, for $5,000, and again inquired whether Plaintiff was willing to accept that offer. On or about June 24, 2012, Brand Sense reaffirmed once again that Plaintiff would not accept that offer and would ***not*** license the right to use Mr. Brando's image in Madonna's worldwide concert tour.

33. No contract was ever sent to Brando Enterprises, let alone executed, permitting Defendants to use Mr. Brando's image beyond Madonna's Super Bowl performance, including during any part of her worldwide concert tour.

34. Notwithstanding the foregoing, on information and belief, Defendants have intentionally and prominently used the name, identity, image, likeness, publicity rights, and trademarks of Mr. Brando, without permission, throughout Madonna's current Tour. Additionally, Plaintiff is informed and believes that Defendants intend to continue such infringing use throughout the remainder of the

Tour, and in perpetuity with respect to recorded versions of the Tour that will be distributed, sold, or used for promotional purposes

35. Defendants have intentionally, negligently, and/or knowingly used the Brando IP Assets for the purpose of attracting attention to the Tour, to the individual concerts, and to the song "Vogue" itself, and for the purpose of enhancing the advertising and marketing thereof.

36. Defendants, without any right, title or authorization, have misappropriated and continue to misappropriate Plaintiff's Brando IP Assets and the resulting success and popularity of Marlon Brando by unlawfully using his image, publicity rights, and trademarks for the aforesaid commercial purposes.

## FIRST CAUSE OF ACTION

### (Misappropriation of Right of Publicity

### California Civil Code §3344.1 – Against All Defendants)

37. Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in paragraphs 1-36, inclusive, as though fully set forth herein.

38. The conduct of Defendants, as alleged hereinabove, constitutes a violation of Section 3344.1 of the California Civil Code, due to the knowing and unauthorized use of Marlon Brando's identity, image or likeness for commercial purposes, which have substantial commercial value.

39. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has been damaged in an amount that is not yet fully ascertainable, but which exceeds the jurisdictional minimum of this Court. When Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to amend this Complaint accordingly.

40. As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has incurred, and will continue to incur, substantial attorneys' fees and costs. Plaintiff is entitled to an award of its attorneys' fees and costs

incurred in connection with this action pursuant to Section 3344.1(a)(1) of the California Civil Code.

41. By reason of the aforesaid wrongful acts of Defendants, in addition to the relief sought hereinabove, Plaintiff is entitled to an accounting of all of Defendants' revenues and profits associated with the unauthorized use of Marlon Brando's identity, image or likeness, and to an award of all such sums. By reason of Defendants' wrongful acts as alleged hereinabove, Defendants are involuntary trustees holding all such sums in their possession under a constructive trust for the benefit of Plaintiff with a duty to transfer the same to Plaintiff forthwith.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

43. Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use of the publicity rights of the late Marlon Brando, including his name, photograph, likeness, image or voice.

## SECOND CAUSE OF ACTION

**(Trademark Infringement / Trade Dress Infringement / False Association Lanham Act, 15 U.S.C. §1125(a) – Against All Defendants)**

44. Plaintiff repeats, realleges, adopts and incorporates each and every allegation contained in paragraphs 1-43, inclusive, as though fully set forth herein.

45. The Marlon Brando name and associated trademarks and trade dress have been extensively advertised and promoted throughout the world for over 50 years in connection with Mr. Brando's entertainment and related services, and as a result of this advertising and promotion, the "Brando" name and associated trademarks and trade dress are recognized throughout worldwide trading areas and

channels of trade as famous and distinctive, and are identified by the purchasing public with Plaintiff. Plaintiff's trademarks and trade dress are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. §§1125 and 1127.

46. Defendants' use, and continuing use, in interstate commerce of Plaintiff's trademarks and trade dress in connection with the Tour, sale and distribution of recorded versions of the Tour, and promotional/marketing materials, constitutes a violation of 15 U.S.C. §1125(a), in that it creates a false association between Mr. Brando and Defendants, which is likely to confuse, mislead, or deceive the consuming public and trade by creating the false impression that the infringing use of Plaintiff's trademarks and trade dress were approved, sponsored, endorsed, and/or are in some way affiliated with Marlon Brando and/or Plaintiff.

47. As a direct and proximate result of the conduct of Defendants, Plaintiff is entitled pursuant to 15 U.S.C. §1117(a) to the recovery of: (1) Defendants' profits related to the infringing use; (2) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (3) Plaintiff's costs of suit.

48. As a direct and proximate result of the conduct of Defendants, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(c), to the recovery of statutory damages of One Hundred Thousand Dollars ($100,000) for *each non-willful* use, per mark, per type of goods sold, offered for sale, or distributed.

49. Plaintiff is informed and believes, and based thereon alleges, that Defendants committed the acts alleged above with knowledge of Plaintiff's rights, and with the willful intent to trade on Plaintiff's valuable trademarks. As such, this case is exceptional under 15 U.S.C. §1117(a)(3), thereby entitling Plaintiff to the recovery of its attorneys' fees and the recovery of treble damages pursuant to 15 U.S.C. §1117(b); and also statutory damages of One Million Dollars ($1,000,000)

1 | for *each willful* use, per mark, per type of goods sold, offered for sale, or distributed;
2 | and also to the recovery of Plaintiff's attorneys' fees.
3 |      50.   Defendants' wrongful acts will continue unless enjoined by this Court.
4 | Plaintiff has no adequate remedy at law and is suffering irreparable harm and
5 | damage as a result of the aforesaid acts of Defendants in an amount thus far not
6 | determined. Accordingly, Plaintiff is entitled to preliminary and permanent
7 | injunctive relief.

### THIRD CAUSE OF ACTION

**(Trademark Infringement – Dilution, Lanham Act, 15 U.S.C. §1125(c)**
**Against All Defendants)**

11 |      51.   Plaintiff repeats, realleges, adopts and incorporates each and every
12 | allegation contained in paragraphs 1-49, inclusive, as though fully set forth herein.
13 |      52.   Plaintiff is informed and believes and based thereon alleges that
14 | Defendants' activities were conducted with full recognition of Plaintiff's ownership
15 | and use of the trademarks and trade dress described herein in worldwide trading
16 | areas and channels of trade. Defendants' use commenced many years after
17 | Plaintiff's trademarks and trade dress had become famous. Defendants' activities
18 | have and will continue to cause dilution of the distinctive quality of the trademarks
19 | and trade dress by lessening and diluting their capacity to identify and distinguish
20 | the entertainment and related services associated with Marlon Brando, to the
21 | damage and harm of Plaintiff, in violation of the Federal Trademark Dilution Act of
22 | 1995, 15 U.S.C. §1125(c)(1).
23 |      53.   The activities of Defendants as alleged above have caused and will
24 | cause irreparable harm to Plaintiff, for which it has no adequate remedy at law in
25 | that: (i) if the wrongful conduct continues, Plaintiff's trademarks risk further
26 | dilution; and (ii) Defendants' wrongful conduct, and the damages resulting to
27 | Plaintiff, are continuing. Accordingly, Plaintiff is entitled to preliminary and
28 | permanent injunctive relief pursuant to 15 U.S.C. §1125(c)(2).

54. Plaintiff is informed and believes, and based thereon alleges, that Defendants have committed the acts alleged above: (1) with previous knowledge of Plaintiff's prior right to and use of Plaintiff's trademarks and trade dress; (2) with the willful intent to trade on Mr. Brando's and Plaintiff's good will and reputation; and (3) with the willful intent to cause confusion, mistake, or deception. As a result, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to treble damages, statutory damages, and the recovery of its attorneys' fees.

55. Defendants' wrongful acts will continue unless enjoined by this Court. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

**AS TO THE FIRST CAUSE OF ACTION:**

1. General and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

2. An award of the revenues and profits received by Defendants as a result of the unauthorized use of Marlon Brando's image and/or other publicity rights;

3. Exemplary and punitive damages in an amount according to proof at the time of trial;

4. Imposition of a constructive trust on all monies and sums received by Defendants as a result of their misappropriation of the Marlon Brando publicity rights (including, without limitation name, image, identity, likeness or persona), with interest thereon at the legal rate;

5. An award of Plaintiff's attorneys' fees and costs;

6. Preliminary and permanent injunction prohibiting Defendants and their affiliated companies from any further use of Mr. Brando's image or likeness, and associated publicity rights, without Plaintiff's express written permission in advance.

**AS TO THE SECOND AND THIRD CAUSES OF ACTION:**

1. General and special damages in accordance with proof at trial, together with interest thereon at the legal rate;

2. An award of the revenues and profits received by Defendants as a result of the unauthorized use of Plaintiff's trademarks and trade dress;

3. Treble damages;

4. Statutory damages in the maximum amount available by law;

5. An award of Plaintiff's attorneys' fees and costs;

6. Preliminary and permanent injunction prohibiting Defendants and their affiliated companies from any further use of Plaintiff's trademarks and trade dress without Plaintiff's express written permission in advance.

**AS TO ALL CAUSES OF ACTION:**

1. For all costs of suit incurred herein; and

2. For such other and further relief as the Court may deem to be just and proper.

DATED: October 18, 2012
WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: _____
CHARLES J. HARDER
Attorneys for Plaintiff
BRANDO ENTERPRISES, L.P.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: October 18, 2012

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: _____
CHARLES J. HARDER
Attorneys for Plaintiff
BRANDO ENTERPRISES, L.P.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV12- 8994 GAF (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Charles J. Harder, Esq. (State Bar #184593)
Joshua A. Shapiro, Esq. (State Bar #229741)
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
11400 W. Olympic Blvd., 9th Floor
Los Angeles, California 90064-1582
Tel: 310-478-4100
Fax: 310-479-1422

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDO ENTERPRISES, L.P., a Delaware limited partnership,<br><br>PLAINTIFF(S)<br>v.<br><br>MADONNA LOUISE CICCONE (p/k/a "Madonna"), an individual; BHAKTI TOURING, INC., a Nevada corporation; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-8994-GAF (VBKx)<br><br>SUMMONS |

TO: DEFENDANTS MADONNA LOUISE CICCONE (p/k/a "Madonna"), an individual; BHAKTI TOURING, INC., a Nevada corporation; and DOES 1-10, inclusive

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ ____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Charles J. Harder, Esq.</u>, whose address is <u>Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 11400 W. Olympic Blvd., Ninth Floor, Los Angeles, CA 90064-1582</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: OCT 1 8 2012

Clerk, U.S. District Court

By: _____
       Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)  **SUMMONS**  
American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>BRANDO ENTERPRISES, L.P., a Delaware limited partnership | **DEFENDANTS**<br>MADONNA LOUISE CICCONE (p/k/a "Madonna"), an indvidual; BHAKTI TOURING, INC., a Nevada corporation; and DOES 1-10, inclusive |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Charles J. Harder, Esq. (State Bar #198593)<br>WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP<br>11400 W. Olympic Blvd., 9th Floor<br>Los Angeles, California 90064-1582<br>Tel: 310-478-4100 | Attorneys (If Known)<br>Unknown |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** to be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Right of Publicity; Infringement of Trademark, Trade Dress, and False Association (15 U.S.C. § 1125(a)); and Dilution (15 U.S.C. § 1125(c))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV12-8994

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Delaware |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Madonna Louise Ciccone: Los Angeles<br>Bhakti Touring, Inc.: Los Angeles | Madonna Louise Ciccone: New York<br>Bhakti Touring, Inc.: Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/_ Charles J. Harder    Date October 18, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |